IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-224-2H
No. 5:18-CV-345-H

COURTNEY LAVELLE MEREDITH,  )
    Petitioner,  )
                                       )
    v.                               )     **ORDER**
                                       )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #95]. The government filed a motion to dismiss, [DE #99], to which petitioner responded, [DE #103]. Additionally, petitioner filed an application for a subpoena duces tecum,[1] [DE #104]; a motion for discovery and production of documents, [DE #105], and a motion for continuance to conduct discovery, [DE #106]. The court ordered the government to respond to petitioner's allegation in his response that counsel did not present a plea agreement offer to him. [DE #108]. The government responded, [DE #115]. Petitioner did not reply, but mail sent to petitioner was returned as undeliverable. Therefore, by order dated December 7, 2020, this court gave petitioner

---

[1] Petitioner has entitled DE #104, "ex parte application for writ for subpoena duces tecum." However, this motion is not ex parte, as petitioner served it on the government. [DE #104-1 at 3]. It will be referred to herein as an application for a subpoena duces tecum.

additional time to reply [DE #117]. On January 4, 2021, petitioner filed a motion for extension of time which was granted by order dated January 14, 2021, allowing petitioner an additional 28 days to reply. [DE #118, #119]. There have been no further filings, and the time for filing has expired. This matter is ripe for adjudication.

## BACKGROUND

On March 14, 2017, petitioner pled guilty, without a written plea agreement, to conspiracy to distribute and possess with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), (Count One); and distribution and possession with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count Two).[2] On June 13, 2017, the court sentenced petitioner to a total term of imprisonment of 151 months.[3] Petitioner filed a motion for review, [DE #76], followed by a Notice of Appeal. [DE #79]. The motion for review, [DE #76], is hereby terminated as MOOT, in light of the appeal and decision by the Fourth Circuit affirming petitioner's sentence. [DE #91].

---

[2] Petitioner filed a motion to withdraw his guilty plea pro se on May 10, 2017, [DE #66], and on May 24, 2017, through counsel, moved to withdraw the motion to withdraw his guilty plea, [DE #71]. The court allowed withdrawal of the motion to withdraw his guilty plea on June 7, 2017. [DE #73].
[3] On July 6, 2017, the judgment was amended to correct a clerical error. [DE #83]. Counsel for petitioner filed an additional notice of appeal following this amended judgment. [DE #84].

2

Petitioner timely filed a motion to vacate pursuant to 28 U.S.C. § 2255 on July 12, 2018, [DE #95].

**COURT'S DISCUSSION**

I. Motion to Vacate

  A. Ineffective Assistance of Counsel

  i. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

"The negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." Padilla v. Kentucky, 559 U.S. 356, 373 (2010)). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 134, 145 (2012)). The Fourth Circuit has held, "[t]o demonstrate prejudice where counsel's allegedly deficient performance led to the rejection of a plea offer, the defendant must demonstrate that, but for counsel's ineffective advice, a reasonable probability exists 'that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances,' that the court would have accepted the offer, and that the defendant would have been convicted of less serious charges or received a less severe sentence than the judgment actually imposed." United States v.

4

Hall, 771 F. App'x 226, 227 (4th Cir. 2019) (quoting Lafler v. Cooper, 566 U.S. 156, 164 (2012)).

### ii. Analysis

Petitioner contends counsel failed to properly investigate his case, which led to his not getting a minor role adjustment at sentencing. Further he contends counsel failed to object to the lack of a minor role adjustment and that the court did not properly resolve the objection.[4]

Petitioner's claim fails. Counsel did object to the lack of a minor role adjustment, making an argument both in writing and orally at sentencing. The court, over counsel's objection, declined to rule on the objection, finding it had no impact on his guideline range because he was found to be a career offender, a finding upheld by the Fourth Circuit on appeal. United States v. Meredith, 712 F. App'x 298, 299 (45h Cir. 2018) ("[t]he court properly determined that, even if the USSG §3B1.2 adjustment had reduced Meredith's offense level, the total offense level based upon Meredith's career offender status would not have been reduced.") Therefore, petitioner's claim fails for lack of prejudice because even if he could show counsel failed to properly

---

[4] The court notes the contradictory nature of alleging both that counsel failed to object and also that the court failed to properly adjudicate his objection.

5

Case 5:16-cr-00224-H   Document 120   Filed 03/23/21   Page 5 of 9

investigate his case, he has not shown a minor role adjustment would have impacted his sentence.

Petitioner also contends counsel rendered ineffective assistance by urging him to plead guilty to Count Two, essentially alleging that his plea was involuntary. He also contends, in his response to the government's motion to dismiss that his counsel did not tell him about a plea offer the government made. Petitioner fails to state a claim on either argument.

As to the allegation that counsel urged him to plead guilty, the court notes his statements, made under oath, at the Rule 11 hearing contradict these allegations. During that hearing, the magistrate judge asked petitioner:

> Now, sir, have you had time to and have you, in fact, discussed your case with your lawyer?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And has he answered all of your questions concerning you case and your plea?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Are you satisfied with Mr. Hosford's counsel and his advice to you?
>
> THE DEFENDANT: Yes, ma'am.

[DE #86 at 12-13]. When the magistrate judge asked petitioner if 'anyone threatened [him] or tried to force [him] in any way to

try to get [him] to plead guilty[,] he also answered in the negative. [DE #86 at 15].

In light of petitioner's solemn declarations in open court, indicating his understanding and willingness to enter his plea of guilty after conferring with his counsel, petitioner's claim fails. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks and citations omitted).

Addressing his second contention, petitioner contends his counsel turned down a plea agreement without presenting it to petitioner. However, petitioner's own argument notes counsel explained to petitioner that he did so to "preserve the appeal rights" due to the "government playing hard ball." [DE #103 at 2-3]. Petitioner pled guilty without a plea agreement and preserved his appeal rights.

At petitioner's Rule 11 hearing, the United States Magistrate Judge inquired of the government, "[w]ere any formal plea offers made by the government?" [DE #86 at 14]. Counsel for the government responded affirmatively. Id. When the court then asked defense counsel, "[a]nd were they conveyed to the defendant[,]"

7

counsel for the defendant responded, "[y]es, Your Honor." [DE #86 at 14-15].

There is no allegation in the record that petitioner would have received a more favorable plea or sentence had he pled guilty with a plea agreement. United States v. Hall, 771 F. App'x 226, 227 (4th Cir. 2019). There is no other allegation of prejudice either. Therefore, this argument is without merit.

**II. Other Pending Motions**

Petitioner additionally has filed an application for a subpoena duces tecum, [DE #104]; a motion for discovery and production of documents, [DE #105], and a motion for continuance to conduct discovery, [DE #106]. As petitioner's claims are being dismissed on the motion to dismiss of the government, these motions are TERMINATED AS MOOT.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #99], is hereby GRANTED, and petitioner's motion to vacate, [DE #95], is hereby DISMISSED. Petitioner's motion for review, [DE #76]; application for a subpoena duces tecum, [DE #104]; motion for discovery and production of documents, [DE #105], and motion for continuance to conduct discovery, [DE #106], are hereby TERMINATED AS MOOT. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 22nd day of March 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26